[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION APPLICATION FOR PREJUDGMENT REMEDY
Pursuant to an "Investment Agreement" dated December 3, 1991, between plaintiff and the Majette Entertainment Group, Inc., plaintiff paid over $50,000 to Majette Entertainment Group, Inc. as an investment for two specific concerts.
The concerts were never held.
Although the plaintiff requested the return of the $50,000, the money was not returned.
Plaintiff has obtained judgment against Majette Entertainment Group, Inc. for the return of his $50,000 (Complaint, par. 7). The judgment against Majette Entertainment Group, Inc. is in the amount of $82,038.86 ($50,000 principal, $25,000 punitive damages, $3,288.86 interest and $3,750 attorneys fees) plus costs. See Steven Rosa v. Majette Entertainment Group, Inc., Judicial District of Waterbury, CV-92-108720.
The defendant here is Daniel Majette, the President of Majette Entertainment Group, Inc. and its sole shareholder and director (Transcript of proceedings, pp. 16-17). CT Page 607
Plaintiff alleges the defendant here, Daniel Majette, used Majette Entertainment Group, Inc. as the "instrument to commit fraud, conversion, unjust enrichment and unfair trade practices under CUTPA and the corporation did so commit the aforementioned torts." (Complaint, par. 8) The plaintiff also says it was the defendants' purpose to use the corporation as the "instrumentality to conduct their fraud . . . and this was the alter ego of the defendants." (Complaint, Prayer for Relief)
Plaintiff also alleges "defendants have converted the funds to his own use." (Complaint, Second Count, par. 9)
There is no evidence before the court that the defendant, Daniel Majette, has taken corporate funds for his own use. For is there any evidence before the court at this time that would justify the court's "piercing the corporate veil".
The application for Prejudgment Remedy is denied.
PARKER, J.